■ Martin, P. J.
(concurring). The justice at Special Term was thoroughly familiar with this case. He had it under consideration on two occasions. When it was first before him he gave custody of the two children to their father for three months on the latter’s promise he would take a three months’ leave of absence and devote his entire time to the care of the children. The father did not take such leave. The court found that both children were “genuinely unhappy ” with their father “ despite his * a * efforts to be a good father to them.” He found the children were “ unsettled, upset, disturbed and nervous over the prospect of being required to continue with him”, and that “their unhappiness is adversely affecting their physical health and their moral and mental development."
In the order now before us for consideration custody of the children is given to their mother. In explanation of his failure to provide for visitation of the children by their father at specified times the court' said; “ I direct no provision for visitation by the father, because I am impressed by the good sense and fairness of the mother’s suggestion on the witness stand that if visitation with the father be left to the children themselves, it well may be that they will come to view visitation as a pleasure and desire it more often than if visitation at specified times is imposed upon them by authority.”
The order, so far as appealed from, should therefore be affirmed, without costs.
Grlennon, Cohn and Van Voorhis, JJ., concur in Per Curiam opinion; Martin, Pi J., concurs in separate opinion; Dore, J., dissents and votes to reverse and grant custody to the father. (See People ex rel. Glendening V. Glendening, 259 App. Div. 384, 392, affd. 284 N. Y. 598.)
Order, so far as appealed from, affirmed, without costs. Settle order on notice.